125 F.3d 859
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
P.S., A Juvenile Female, Defendant-Appellant.
 No. 97-50042.
 United States Court of Appeals, Ninth Circuit.
 Submitted October 6, 1997.**
Decided Oct. 10, 1997.
 
 Appeal from the United States District Court for the Southern District of California, No. CR-96-01781-MLH; Marilyn L. Huff, District Judge, Presiding.
 Before PREGERSON, NELSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant, a juvenile female, appeals her adjudication as a juvenile delinquent under 18 U.S.C. § 5032 following a bench trial in which she was found guilty of assaulting a federal officer in violation of 18 U.S.C. §§ 111, 1114. Appellant contends that the arresting officers violated her right to parental notification under 18 U.S.C. § 5033, the Juvenile Delinquency Act (the "JDA"). The district court denied appellant's motion to dismiss the indictment and her motion to suppress certain incriminating statements she made to the arresting officer. We affirm.
 
 
 3
 Because the parties are familiar with the facts, we need not recite them here.
 
 
 4
 * The determinative issue in this appeal is whether the arresting officer violated appellant's due process rights by failing to comply with the JDA's parental notification requirement.
 
 
 5
 We review questions regarding the statutory interpretation of the JDA de novo. United States v. Eaton, 31 F.3d 789, 791 (9th Cir.1994). Juvenile notification claims "raise[ ] a predominantly factual question which we review under the clearly erroneous standard." United States v. Doe, 862 F.2d 776, 779 (9th Cir.1988) ("Doe II").
 
 II
 
 6
 The JDA provides in part: "Whenever a juvenile is taken into custody for an alleged act of juvenile delinquency, the arresting officer shall ... immediately notify ... the juvenile's parents ... of such custody. The arresting officer shall also notify the parents ... of the rights of the juvenile and of the nature of the alleged offense." 18 U.S.C. § 5033.
 
 
 7
 In Doe II, we outlined a framework for evaluating a parental notification claim under the JDA:
 
 
 8
 First, we address whether the government violated the requirements of the Juvenile Delinquency Act. If it did, we reach the second question: whether the government's conduct was so egregious as to deprive Doe of his right to due process of law. If it was not, we reach the third question: was the violation harmless to the juvenile beyond a reasonable doubt?
 
 
 9
 862 F.2d at 779 (citations omitted).
 
 
 10
 In this case, the government concedes that the arresting officer violated the JDA's parental notification requirement. The arresting officer did not specifically inform appellant's mother of appellant's constitutional rights.[1]
 
 III
 
 11
 Because the arresting officer violated the JDA's parental notification requirement, we must address the severity of that violation. Reversal of appellant's conviction is mandatory only if the government's lapse was so egregious as to deprive appellant of her right to due process. See id. at 780.
 
 
 12
 In this case, appellant's mother was present when appellant was taken into custody. Appellant's mother also knew of the charges against her daughter. Thus, while the arresting officer technically violated the JDA's parental notification requirement, the violation did not infringe upon appellant's right to due process of law.
 
 
 13
 Appellant's reliance on United States v. Doe, 701 F.2d 819, 822-23 (9th Cir.1983) ("Doe I"), is unavailing. In Doe I, we found no due process violation where the arresting officer's failure to notify the juvenile's parents had no adverse effect on the fundamental fairness of the proceeding. Id. at 822. In that case we found no due process violation, in part, because defense counsel immediately contacted the juvenile's mother and the juvenile had a reasonable opportunity to prepare for the adjudication proceeding. See Id.
 
 
 14
 Because the government's lapse in this case was not so egregious as to deprive appellant of her right to due process, a reversal of appellant's conviction is unwarranted.
 
 IV
 
 15
 Because the arresting officer's violation of the parental notification requirement was not so egregious as to deprive appellant of her right to due process, we reach the third question: "Was the violation harmless to the juvenile beyond a reasonable doubt?" See Doe II, 862 F.2d at 779. If the statutory violation prejudiced appellant we have the discretion to reverse the conviction or to order more limited remedies to ensure that appellant's rights are safeguarded. See Id. at 780-81; see also Doe I, 701 F.2d at 823-24 (discussing the alternative remedy of expunction of records).
 
 
 16
 Appellant contends that she was prejudiced because: (1) the government's decision to prosecute her resulted from her admission; and (2) the government used appellant's admission against her at trial. Thus, she contends that her admission should be suppressed. These contentions are without merit.
 
 
 17
 First, the record contains no evidence that the decision to prosecute appellant resulted from her admission that she assaulted the officer. Moreover, appellant was taken to the prosecution office based on the events that had been observed and reported by eyewitnesses--before appellant made her incriminating statements. Cf. Doe II, 862 F.2d at 781 (stating that the court might find prejudice if the juvenile was not forwarded to the prosecution unit until after he confessed and the prosecution resulted from the confession). Thus, appellant's prosecution did not result from her admission.
 
 
 18
 Second, even though the government used appellant's admission, the government presented other overwhelming evidence of her guilt through the testimony of multiple eyewitnesses. See United States v. Indian Boy X, 565 F.2d 585, 592-93 (9th Cir.1997) (holding that any error in failing to bring a juvenile promptly before a magistrate was harmless where "evidence of [the juvenile's] guilt, aside from his murder confession, was overwhelming"). Thus, appellant suffered no prejudice by the government's use of her admission at trial.
 
 IV
 
 19
 Because the violation of appellant's right to parental notification did not violate her right to due process and caused little, if any, prejudice, the district court correctly denied appellant's motions to dismiss the indictment and to suppress her statements.
 
 
 20
 AFFIRMED.
 
 
 
 **
 The panel unanimously found this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Complying with the JDA should be easy. Nonetheless, we are called upon to decide cases involving violations of the JDA with some frequency. We cannot help but wonder whether those responsible for training law enforcement officers are cognizant of the JDA's requirements